THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Zheng**<br><br>Plaintiffs,<br><br>v.<br><br>**THE ENTITIES AND INDIVIDUALS IDENTIFIED IN SCHEDULE A**<br><br><br>Defendants. | **Civil Action No.**<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs, Zheng (hereinafter referred to as " Plaintiff " ), by and through their undersigned counsel, bring this Complaint against Defendants, The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" ((herein collectively referred to as "Defendants") which will be filed as an exhibit hereto under seal, and in support thereof, states as follows[1]:

## INTRODUCTION

1.    This is a civil action for design patent infringements pursuant to the Patent Act, 35 U.S.C. § 101 et seq., including 35 U.S.C. § 271.

2.    Plaintiff owns one (1) United States Design Patent, (hereinafter "Patent-in-Suit"). Plaintiff's Patent has been registered with the United States Patent and

---

[1] Since it is unknown when Plaintiff's forthcoming Ex-Parte Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets will be ruled on, Plaintiff's name has been removed to prevent Defendants from getting advanced notice. Plaintiff will file an Amended Complaint under seal that identifies Plaintiff and provides additional information and allegations

Trademark Office ("USPTO")) and is protected from infringement under federal patent law.

3.      On information and belief, Defendants create online marketplace stores operating under on or more Seller Aliases that are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products to unknowing consumers.

4.      Plaintiff has been, and continues to be, irreparably harmed by Defendants' infringement of Plaintiff's Patent-in-Suit. Plaintiff, therefore, seeks injunctive relief to halt such infringement and irreparable harm.

## PARTIES

5.      Plaintiff is the inventor and owner of the Patent-in-Suit. A true and correct copy of Plaintiff's Patent will be attached to the Complaint as **Exhibit 1** (filed under seal) .

6.      Upon information and belief, Defendants are individuals and business entities who own and/or operate one or more of the online marketplace stores, sell and/or offer to sell  infringing products through various "storefronts" via online retail websites accepting U.S. Dollars.

7.      At present, many of the Defendants can only be identified through their storefronts and other limited publicly available information. Plaintiffs will take appropriate steps to  amend its Complaint as needed if Defendants provide additional credible  information  regarding their identities.

8.      Upon information and belief, Defendants will continue to register or acquire new seller identification aliases and domain names for the purpose of selling and offering for sale goods bearing infringing and counterfeit reproductions of Plaintiff's Patent unless preliminarily and permanently enjoined.

2

9. Plaintiff has and will continue to suffer damages as a result of Defendants'

patent infringements unless injunctive and monetary relief is awarded by this Honorable

Court.

## JURISDICTION AND VENUE

10. This is an action for infringement of the Patent arising under 35

U.S.C. §§ 271(a), 281, and 284 - 85. This Court has subject matter jurisdiction over this

action under 28 U.S.C. §1331 and §1338(a).

11. Each Defendant sells and/or offers to sell infringing products through

various "storefronts" via online retail websites accepting U.S. Dollars through online

marketplaces such as Amazon, Alibaba, TEMU, Walmart, as well as any and all as yet

undiscovered accounts with additional online marketplaces through which each

Defendant targets residents in this judicial district and, upon information and belief, ships

infringing products to residents within the Northern District of Illinois. Thus, each

Defendant is committing, *inter alia*, patent infringement in this District.

12. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. §

1391 because a substantial part of the events that give rise to the claim occur within this

District, each Defendant has committed acts of infringement in and has significant contacts

within this District, and each Defendant is selling or offering to sell the infringing

products in the product listings targeted at this District.

## COUNT I
## INFRINGEMENT OF U.S. DESIGN PATENT
## 35 U.S.C. § 271

13. The registration for Plaintiff's Patent is valid, unrevoked and uncanceled.

14. Plaintiff is the inventor and owner of the United States Design Patent at

15.    Plaintiff is the owner of all right, title and interest in and to the designs covered by the Plaintiff's Patent, and Plaintiff is entitled to receive all damages and the benefits of all other remedies for Defendants' infringements

16.    Without Plaintiff's permission or authorization, Defendants have infringed one or more of Plaintiff's exclusive rights relating to the federally registered Plaintiff's Patent by importing, manufacturing, offering for sale, and/or selling Counterfeit Copies which embody the design covered by Plaintiff's Patent directly or through intermediaries.

17.    Upon information and belief, Defendants have been and are now infringing the claim of the patent in the State of Illinois, in this judicial district, and other jurisdictions in the United States by selling or offering to sell the infringing the Patent-in-suit. The Defendants are directly infringing, literally infringing, and/or infringing the Patent under the doctrine of equivalents.

18.    Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products that infringe directly and/or indirectly the Patent-in-suit.

19.    Defendants' Counterfeit Copies have an overall appearance that is confusingly similar to the claimed designs in the Plaintiff's Patent.

20.    The foregoing acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to Plaintiff's rights in the Patent. Defendants' unlawful actions have caused and are continuing to cause unquantifiable and irreparable harm and unquantifiable damages to Plaintiff and are unjustly enriching themselves at Plaintiff's expense.

21.    Defendants' conduct has caused and will continue to cause Plaintiff substantial damages, including irreparable harm, for which Plaintiff has no adequate remedy at law, unless and until Defendant is enjoined from infringing the Plaintiff's

22.     Plaintiff is entitled to injunctive relief, as set forth below, because of the continuing infringements of Plaintiff's Patent and because of the significant threat of future infringement as evidenced herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter:

1.     a judgment in favor of Plaintiffs that Defendants have infringed the Patents-in-Suit;

2.     Entry of temporary, preliminary, and permanent injunction; enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the claimed patent, or such other equitable relief the Court determines is warranted;

3.     a judgment and order requiring Defendants pay to Plaintiffs their damages, costs, expenses, lost profits, and prejudgment and post-judgment interest for Defendants' infringement of the Patents-in-Suit as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement;

4.     a determination that this is an exceptional case within the meaning of 35 U.S.C. § 285 and an award to Plaintiffs the costs, expenses, and reasonable attorneys' fees incurred in this action; and

5.     that, upon Plaintiffs' request, all in privity with Defendants and with notice of the injunction, including but not limited to any online marketplace platforms, such as Alibaba, Temu, Ali Express, Amazon, DH Gate, eBay, Newegg, Shopify, Wish, and vendors of sponsored search terms or online ad-word providers, financial services providers, including but not limited to credit card providers, banks, merchant account providers, third party payment processors, web hosts, and Internet search engines, such as Google,

a. cease providing services used by Defendants, currently or in the future, to sell or offer for sale goods under the claimed patent;

b. cease displaying any advertisements in any form, connected or associated with Defendants in connection with the sale of infringing goods under the claimed patent; and

c. disable all links to the marketplace accounts identified on schedules from displaying in search results, including from any search index.

6.      Entry of an Order for such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED March 5, 2024                             Respectfully submitted,
                                                **Concord & Sage PC**

                                                /s/ QIN LI
                                                1360 Valley Vista Dr,
                                                Suite 140, Diamond Bar
                                                CA 91765
                                                Bar No. 349218
                                                liqin@concordsage.com
                                                Phone: (858) 568-1696


                                                *ATTORNEY FOR PLAINTIFF*